# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **RESOURCING EDGE I, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-174-L** |
| | § | |
| **CBA SERVICE CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Resourcing Edge I, LLC's ("Resourcing Edge") Motion to Confirm Arbitration Award (Doc. 1), filed January 15, 2019. For the reasons herein stated, the court determines that it **lacks** subject matter to entertain this action and **dismisses without prejudice** this action.

### I.      Background

Resourcing Edge and Respondent CBA Service Corporation entered into a Client Services Agreement ("Agreement"). The parties proceeded to arbitration pursuant to the terms of the Agreement. The Honorable James Moseley, a former justice of the Texas Fifth District Court of Appeals, was appointed to serve as the arbitrator. After a hearing and the submission of documentary evidence by Resourcing Edge, Justice Moseley entered his arbitration award on December 28, 2018, in favor of Resourcing Edge. Specifically, he awarded Resourcing Edge a total of $47,762.60, plus postjudgment interest, administrative fees and expenses, and costs. Resourcing Edge states that it has incurred reasonable attorney's fees in the amount of $1,429.75 in connection with the filing of its motion to confirm and expects to incur another $817 by the time the court rules on the motion. Pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act

**Memorandum Opinion and Order – Page 1**

("FAA"), Resourcing Edge requests the court to confirm the award made by the arbitrator and award it reasonable and necessary attorney's fees and costs.

## II. Federal Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States (federal question jurisdiction)," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

## III. Analysis

As previously stated, a federal court has jurisdiction because of a federal question, or because of diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Resourcing Edge purports to invoke federal question jurisdiction by citing the FAA as a jurisdictional basis.

Since Resourcing Edge seeks to invoke the court's jurisdiction to confirm the award by Justice Moseley, it has the burden to establish that this court has jurisdiction to entertain this action. *Kokkonen*, 511 U.S. at 577 (citations omitted). "As for jurisdiction over controversies touching arbitration," the FAA confers no federal jurisdiction and requires "an independent jurisdictional basis." *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582-83 (2008) (citations omitted); *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003) (citations omitted) ("[T]he FAA does not create any independent subject-matter jurisdiction."). Accordingly, the FAA alone cannot serve as a basis for federal question jurisdiction.

The only other basis is diversity jurisdiction, which requires diversity of citizenship between the parties and more than $75,000 as the amount in controversy. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and

**Memorandum Opinion and Order – Page 3**

distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Even if the court were to speculate or infer that complete diversity exists between the parties, the amount-in-controversy requirement cannot be met. The amount in controversy, liberally construed and based on Resourcing Edge's information, does not exceed $55,000, which falls well below the jurisdictional threshold requirement of more than $75,000. Accordingly, Resourcing Edge has failed to carry its burden and establish that this court has subject matter jurisdiction because of a federal question, or because the parties are diverse and the amount in controversy exceeds $75,000.

**IV.      Conclusion**

For the reasons herein set forth, the court **lacks** subject matter jurisdiction to entertain this action. Accordingly, the court **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**It is so ordered** this 30th day of January, 2019.

                                                  Sam A. Lindsay
                                                  United States District Judge